I.D. 06184818                                                                                           File No. 3900-036

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,**<br>         **Plaintiff,**<br>v.<br>**SILVESTRE ESPINOZA, individually and**<br>**d/b/a DE PASADA RESTAURANT and**<br>**DE PASADA RESTAURANT,**<br>         **Defendants.** | ) FILED: MAY 5, 2008<br>) 08CV2572      PH<br>) JUDGE KOCORAS<br>) MAGISTRATE JUDGE NOLAN<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, J&J SPORTS PRODUCTIONS, INC., a California corporation by and through its attorneys, ZANE D. SMITH & ASSOCIATES, LTD., and complaining of Defendants, SILVESTRE ESPINOZA, individually and d/b/a DE PASADA RESTAURANT and DE PASADA RESTAURANT, alleges as follows:

## JURISDICTION

1.     Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. 605, et seq., and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, et seq.

2.     This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3.     This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial distributor of the televised fight program hereinafter set forth at length. The

Defendants wrongful acts consisted of the interception and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Illinois.

## VENUE

4. Pursuant to 47 U.S.C. Section 605, venue is proper in the Northern District of Illinois, Eastern Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Eastern Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Moline County.

## THE PARTIES

6. The Plaintiff, J&J SPORTS PRODUCTIONS, is and at all relevant times mentioned, was a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

7. The Plaintiff is informed and believes and alleges thereon that at the time of the occurrence, that defendant, DE PASADA RESTAURANT was a business entity, having its principal place of business at 1519 W. Taylor Street, Chicago, Illinois.

8. The Plaintiff is informed and believes and alleges thereon that defendant, SILVESTRE ESPINOZA is an individual and the principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of a business entity DE PASADA RESTAURANT.

## COUNT I

### (Violation of 47 U.S.C. Section 605)

9. Plaintiff, J&J SPORTS PRODUCTIONS, hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

10. By contract, Plaintiff, J&J SPORTS PRODUCTIONS, paid for and was thereafter granted the exclusive nationwide television distribution rights to *"Danger Zone": The Oscar De La Hoya v. Ricardo Mayorga Championship Fight Program*, which took place on May 6, 2006(this included all under-card bout and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

11. Pursuant to contract J&J SPORTS PRODUCTIONS, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Illinois, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants social clubs, etc.).

12. As a commercial distributor of sporting events, including the Program, Plaintiff J&J SPORTS PRODUCTIONS expended substantial monies marketing, advertising, promoting, administering and transmitting the Program to its customers, the aforementioned commercial entities.

13. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

14. 47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto).

15. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 605, et seq.

16. By reason of the defendants' violation of 47 U.S.C. Section 605, et seq., Plaintiff J&J SPORTS PRODUCTIONS, has the private right of action pursuant to 47 U.S.C. Section 605.

17. As the result of the aforementioned defendant's violation of 47 U.S.C. Section 605, and pursuant said Section 605, Plaintiff J&J SPORTS PRODUCTIONS, is entitled to the following from each defendant:

   (a) Statutory damages for each willful violation in an amount of $100,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(ii);

   (b) Statutory damages in the amount of Ten Thousand Dollars pursuant to 47 U.S.C. 605 (e)(3)(C)(i)(II); and

   (c) The Recovery of full costs, including reasonable attorneys' fees pursuant to 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE**, the Plaintiff, J&J SPORTS PRODUCTIONS respectfully prays this Honorable Court to enter judgment, jointly and severally, against the defendants, SILVESTRE ESPINOZA, individually and d/b/a DE PASADA RESTAURANT and DE PASADA RESTAURANT as follows:

   A. Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 605(e)(3)(C)(i)(II);

   B. Statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) pursuant to § 605(e)(3)(C)(ii);

   C. Full costs and expenses of this action, including attorney's fees pursuant to § 605(e)(3)(B)(iii); and

      D.      Such other and further relief as the Court deems just and proper.

## COUNT II
### (Violation of 47 U.S.C. Section 553)

18.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19.    The unauthorized interception, exhibition, publication and divulgence of the Program by each of above-named defendants are prohibited by 47 U.S.C. Section 553 et seq.

20.    By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 553, et seq.

21.    By reason of the defendants' violation of 47 U.S.C. Section 553, et seq., J&J SPORTS PRODUCTIONS, has the private right of action pursuant to 47 U.S.C. Section 553.

22.    As the result of the aforementioned defendants' violation of 47 U.S.C. Section 553 and pursuant to said Section 553, Plaintiff is entitled to the following from each defendant:

    (a)    Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii);

    (b)    Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B);

    ( c )    Full costs and expenses of this action, including reasonable attorney's fees, pursuant to § 553(c)(2)    .

*WHEREFORE*, the Plaintiff J&J SPORTS PRODUCTIONS, respectfully prays this Honorable Court for the entry of a judgment, jointly and severally, against the Defendants SILVESTRE ESPINOZA, individually and d/b/a DE PASADA RESTAURANT and DE PASADA RESTAURANT as follows:

    A.    Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii);

    B.    Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B);

    C.    Full costs and expenses of this action, including reasonable attorney's fees, pursuant to § 553(c)(2)©; and

    D.    Such other and further relief as the Court deems just and proper.

### COUNT III
### (Conversion)

23. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-22 inclusive, as though set forth herein at length.

24. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, and each of them, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

25. The aforesaid acts of each of the defendants were willful, malicious and intentionally designed to harm the Plaintiff J&J SPORTS PRODUCTIONS and to subject said Plaintiff to economic distress.

26. Accordingly, Plaintiff is entitle to both compensatory, as well as punitive damages fro each of the aforementioned defendants as the result of the defendants' egregious conduct and conversion.

**WHEREFORE**, the Plaintiff J&J SPORTS PRODUCTIONS, respectfully prays this Honorable Court for the entry of a judgment, jointly and severally, against the Defendants SILVESTRE ESPINOZA, individually and d/b/a DE PASADA RESTAURANT and DE PASADA RESTAURANT as follows:

    A.    For compensatory damages in an amount according to proof against the defendants, and each of them;

    B.    For reasonable attorneys' fees as may be awarded in the Court's discretion Pursuant to statute;

    C.    For all costs of this suit, including but not limited to filing fees, service of process fees, investigative costs; and

    D.    For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

ZANE D. SMITH & ASSOCIATES, LTD.

By:    //s/ Zane D. Smith
        Zane D. Smith, One of Plaintiff's Attorneys

ZANE D. SMITH & ASSOCIATES, LTD.
415 North LaSalle Street
Suite 300
Chicago, Illinois 60610
Phone: (312) 245-0031
Attorney I.D. 06184814